UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OPERATIONS MANAGEMENT INTERNATIONAL, INC. | Case No. 1:05-cv-171 |
| | Magistrate Judge Timothy S. Black |
| Plaintiff, | |
| v. | |
| CLERMONT COUNTY, OHIO, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIMS (Doc. 31) AND
DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INVENTORY RECONCILIATION (Doc. 30)**

This civil action is before the Court on the parties' cross motions for [partial] summary judgment (docs. 30 and 31) and the parties' responsive memoranda (docs. 34 through 37).

Two substantial issues are presented: (1) how much compensation is Plaintiff ("OMI") owed under § 4.02(e) of the parties' Operating Agreement; and (2) what is the proper of measure of inventory reconciliation under the Operating Agreement.

1. <u>Additional Compensation Under § 4.02(e) of the Operating Agreement.</u>

As to the first issue, OMI is "entitled to additional compensation in an amount equal to the actual, direct increase in costs to the Contractor [OMI] associated with such an increase."  (See Operating Agreement at p. 11; Doc. 1, Ex. A).

The Court has previously ordered that "while the additional compensation clause in § 4.02(e) provides for payment of the costs associated with servicing the increased customer base (*i.e.,* 'additional actual direct costs related t those units'), § 4.02(2e) does <u>not</u> entitle OMI to compensation for work for which OMI has already been compensated through its Annual Fee (*e.g.,* installation of water meters)."  (See Doc. 29 at p. 13).

As a result of the Court's prior ruling, "OMI has [now] calculated the amount of additional compensation due to it [under § 4.02(e)] by eliminating items which, based on the Court's reasoning, were already included within its basic compensation, and focusing only on the actual direct increase in costs related to the increase in the water accounts." (*See* Doc. 31, OMI's Memorandum at p. 3).[1]

As to each new water account beyond the 10% increase, OMI incurred actual direct costs, including those for meter readers time, billing and postage, customer service time, and vehicle fuel expenses. The total cost incurred by OMI associated with providing these services to the 1,129 water customer accounts over and above the 10% increase was $81,046. (*See* Doc 31-1, Meininger Affidavit at ¶ 4). Further, the Court deems that Defendant has acknowledged that these items are due and owing to OMI under § 4.02(e). (*See* Doc. 19, Deposition of Defendant's Thomas Yaeger at pp. 122-25).

Accordingly, there being no genuine issue of material fact in dispute, and OMI being entitled to judgment as a matter of law for $81,406, plus interest, in compensation due under § 4.02(e), OMI's motion for [partial] summary judgment on remaining claims (doc. 30) is GRANTED in part as to this issue and in said amount (and denied as to the additional amount of $801,002.92 for water meters).

2. <u>Inventory Reconciliation.</u>

Both parties claim entitlement to recovery on the issues relating to inventory reconciliation.

With respect to inventory reconciliation, the parties' Operating Agreement provided:

> At the Termination Date [of the Operating Agreement], the Contractor [OMI] shall replenish the inventory and transfer that Ending Inventory to the County. The Contractor shall ensure that the value of the Ending Inventory is at least equal to the value of the Beginning Invenrtory, adjusted for inflation.

*See* Doc. 1, Ex. A, Operating Agreement, § 8.02, p. 22.

OMI argues that the County owes OMI ca. $15,000 relating to the inventory reconciliation because OMI claims to have increased the value of the inventory by that amount. The County, in turn, argues that OMI owes the County $346,000 (or perhaps $226,000) relating to the inventory reconciliation because the County claims that OMI left the inventory short by that amount, by not including Equipment in inventory to be reconciled.

---

[1] OMI does not waive its right to assert that the Court erred in its prior decision.

The Operating Agreement identifies "Beginning Inventory" as a specifically defined terms which consists of "[t]he spare parts, tools, furniture, devices, materials, and supplies at the Utilities on the Effective Date that [OMI] will use to fulfill this Agreement."  Likewise, the Operating Agreement defines "Ending Inventory" as "[t]he spare parts, tools, furniture, devices, materials, and supplies at the Utilities on the Termination Date that [OMI] provides to the County."

The term "Equipment " is not included in the definitions of "Beginning Inventory" nor "Ending Inventory."

Instead, "Equipment" is identified in the Operating Agreement as a defined term consisting of "All vehicles, machinery, structures, components, parts, devices, and instrumentation, both fixed and portable, and materials contained within or located at the Utilities that are utilized in the operation and maintenance of the Utilities."  (See Operating Agreement at § 1.18, p 4).

The parties' differing perceptions of what is owed to whom under inventory reconciliation devolves into the discrete question as to whether "Equipment" must be replenished under inventory reconciliation.  The County says that it must:  "everything ... - inventory, equipment, tools, computers, vehicles, buildings – everything ... must be restored;" while OMI says that Equipment has already been replenished via the minor corrective maintenance fund (citing § 1.10 of the Operating Agreement) and, therefore, is not due under inventory reconciliation.

Upon careful review, the Court finds that OMI's theory of inventory reconciliation is correct and the County's is not.  "Inventory" does not include "Equipment" under the parties' Operating Agreement.

Accordingly, Defendant's Motion for Partial Summary Judgment Regarding Inventory Reconciliation (doc. 30) is DENIED, and Plaintiff's Motion for Summary Judgment (doc. 31) is GRANTED on this issue as to the proper measure of liability for inventory reconciliation.

**IT IS SO ORDERED**.


Date:  __9/21/07_____             **/s/Timothy S. Black**
                                    Timothy S. Black
                                    United States Magistrate Judge